## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DAVID ANDERSON,**                                                          **PLAINTIFF**
**ADC #087368**

**VS.**                                    **4:15-CV-00539-BRW**

**LESLIE RUTLEDGE,** *et al.*                                    **DEFENDANTS**

## <u>ORDER</u>

Plaintiff David Anderson is an inmate at the Varner Super Max Unit of the Arkansas Department of Correction (ADC), who filed a *pro se* Complaint under 42 U.S.C. § 1983 (Doc. No. 2). I have reviewed the Complaint, and find it should be dismissed, for failure to state a claim upon which relief may be granted.

**I.      Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.[1]  I must dismiss a complaint or portion of a complaint that raises claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.[2]

An action is frivolous if "it lacks an arguable basis either in law or in fact."[3]  Regardless of whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege

---

[1] 28 U.S.C. § 1915A(a).

[2] 28 U.S.C. § 1915A(b).

[3] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

specific facts sufficient to state a claim.[4]  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."[5]  In reviewing a *pro se* complaint under § 1915(e)(2)(B), I must give the complaint the benefit of a liberal construction.[6]  I must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.[7]

Additionally, to survive a screening under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[8]  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[9]  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."[10]

---

[4] See *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[7] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 570.

[9] *Twombly,* 550 U.S. at 556-7.

[10] *Id*.

1

## II.     Facts and Analysis

Plaintiff sues Attorney General Leslie Rutledge and Assistant Attorney General Rachel Kemp, based on their alleged failure to address his double-jeopardy arguments in his state-court criminal proceedings.  Plaintiff claims he was improperly sentenced twice for the same offense, and asks me to "vacate and dismiss this multiple punishment sentence."[11]

In order to support a claim for relief against Defendants under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some constitutional right.[12]  Having reviewed Plaintiff's Complaint, I find that he is, in effect, challenging the fact or length of his confinement, and if successful, may be entitled to an earlier release from prison.  This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies.[13]  Plaintiff does not indicate in his complaint that his state remedies have been exhausted.[14]

## CONCLUSION

Plaintiff's Complaint against Defendants is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.  All pending motions are DENIED as moot.

---

[11] Doc. No. 2.

[12] *Griffin-El v. MCI Telecommunications Corp.,* et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).

[13] See *Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991).

[14] I note that Defendants are entitled to absolute immunity from any damages claims filed under § 1983.  *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988).

Dismissal of this action constitutes a "strike" within the meaning of the Prison

Litigation Reform Act.   28 U.S.C. § 1915(g).[15]  I certify that under 28 U.S.C. § 1915(a)(3) an *in

forma pauperis* appeal from this Order and Judgment dismissing this action would not be taken in

good faith.

IT IS SO ORDERED this 13th day of October, 2015.


/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[15] 28 U.S.C. § 1915(g) (a prisoner may not file an *in forma pauperis* civil rights action or
appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was
dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under
imminent danger of serious physical injury).